UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                 Plaintiff,<br><br>   v.<br><br>JAIME HERNANDEZ,<br><br>                 Defendant. | CASE NO. CR14-5105 BHS<br><br>ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE |

This matter comes before the Court on Defendant Jaime Hernandez's pro se motion for compassionate release. Dkt. 618. The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby denies the motion for the reasons stated herein.

**I.   FACTUAL & PROCEDURAL BACKGROUND**

In February 2014, Hernandez and other members of a multi-person drug distribution conspiracy were arrested, and Hernandez was charged with Conspiracy to Distribute Methamphetamine and Heroin—specifically, conspiracy to distribute 500 grams or more of a mixture or substance containing methamphetamine and one kilogram or more of a mixture or substance containing heroin—in violation of 21 U.S.C. §§

ORDER - 1

841(a)(1), 841(b)(1)(A), and 846. Dkt. 167. In January 2015, Hernandez pled guilty to the charge. Dkt. 309. On April 24, 2015, the Honorable Ronald B. Leighton sentenced Hernandez to 144 months imprisonment.[1] Dkts. 396, 399. Hernandez is currently housed at the Federal Correctional Institute in Sheridan, Oregon ("FCI Sheridan") and is scheduled to be released on May 16, 2023.

On March 22, 2021, Hernandez filed a motion for sentence reduction or compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). Dkt. 618. On March 29, 2021, the Government responded, Dkt. 621, and filed a motion to seal, Dkt. 622.[2] Hernandez did not reply.

## II.  DISCUSSION

Pursuant to 18 U.S.C. § 3582(b), a judgment of conviction that includes a sentence of imprisonment "constitutes a final judgment and may not be modified by a district court except in limited circumstances." *Dillon v. United States*, 560 U.S. 817, 824 (2010) (internal quotations omitted). Those limited circumstances are provided under 18 U.S.C. § 3582(c)(1)(A)(i). Effective December 21, 2018, the First Step Act of 2018 amended § 3582(c)(1)(A) by adding a provision that allows prisoners to directly petition a district court for compassionate release:

> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a

---

[1] This case was reassigned to this Court on October 23, 2020 following Judge Leighton's retirement from the federal bench.

[2] The Government requests that the Court seal the exhibit it filed in support of its response because the exhibit contains personal information. The Court agrees and therefore **GRANTS** the motion.

> motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>     (i) extraordinary and compelling reasons warrant such a reduction;
> ***
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; . . . .

18 U.S.C. § 3582(c)(1)(A). Accordingly, a court may reduce a sentence upon motion of a defendant provided that: (1) the inmate has either exhausted his or her administrative appeal rights of the Bureau of Prison's ("BOP") failure to bring such a motion on the inmate's behalf or has waited until 30 days after the applicable warden has received such a request; (2) the inmate has established "extraordinary and compelling reasons" for the requested sentence reduction; and (3) the reduction is consistent with the Sentencing Commission's policy statement. *See id*.

The Sentencing Commission's policy statement referenced in 18 U.S.C. § 3582(c)(1)(A)(i) provides, in relevant part:

> [T]he court may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that—
>     (1)(A) Extraordinary and compelling reasons warrant the reduction;
> ***
>     (2) The defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and
>     (3) The reduction is consistent with this policy statement.

United States Sentencing Guidelines ("USSG") § 1B1.13. However, circuits across the country have held that § 1B1.13 is inapplicable to defendant-initiated motions for compassionate release. *See, e.g.*, *United States v. Brooker*, 976 F.3d 228, 234 (2d Cir. 2020); *United States v. Jones*, 980 F.3d 1098, 1109 (6th Cir. 2020) ("We now join the majority of district courts and the Second Circuit in holding that the passage of the First Step Act rendered USSG § 1B1.13 'inapplicable' to cases where an imprisoned person files a motion for compassionate release." (internal citation omitted)). Rather, USSG § 1B1.13 is helpful guidance to the Court when exercising its discretion.

Therefore, on a defendant-initiated motion under the First Step Act, the defendant must show that they have extraordinary and compelling reasons to warrant their release, and the Court must consider the sentencing factors under 18 U.S.C. § 3553(a).

**1. Exhaustion Requirement**

Hernandez bears the burden of showing that he exhausted his administrative rights with the BOP before filing his compassionate release motion. *See United States v. Van Sickle*, No. CR18-0250JLR, 2020 WL 2219496, at *3 (W.D. Wash. May 7, 2020) (collecting cases). The Government argues that Hernandez has not made such a showing. Dkt. 621 at 5. Hernandez provides a BOP inmate request to staff from July 2020, in which he requested the warden to reduce his sentence due to COVID-19 concerns. Sealed Dkt. 619 at 3. The Government emphasizes that the document is not signed by a BOP staff member and asserts that BOP has found no record of Hernandez's request to the warden in its files. Dkt. 621 at 5.

1    The Court concludes that Hernandez has met his burden for administrative
2    exhaustion. "The First Step Act, in clear language, specifies what a defendant must do
3    before she files a motion for compassionate release in federal court. Specifically a
4    defendant must submit a request to 'the Bureau of Prisons to bring a motion on the
5    defendant's behalf.'" *United States v. Franco*, 973 F.3d 465, 468 (5th Cir. 2020) (citing
6    18 U.S.C. § 3582(c)(1)(A)). It appears to the Court that Hernandez has complied with the
7    statutory requirements, and the Court will consider the merits of his motion.

   **2. Extraordinary and Compelling Reasons**

   Judge Thomas S. Zilly has provided a non-exhaustive list of factors federal courts have considered in determining whether a defendant has extraordinary and compelling reasons for compassionate release in the context of COVID-19:

> (i) whether the inmate is at higher risk because of his or her age and/or race, *see United States v. Young*, No. CR19-5055 BHS, 2020 WL 2614745, at *3 (W.D. Wash. May 22, 2020); (ii) whether the inmate has one or more, medically-documented, chronic health conditions that render him or her more vulnerable to COVID-19, *see United States v. Locke*, No. CR18-0132 RAJ, 2020 WL 3101016, at *4 (W.D. Wash. June 11, 2020) (observing that the movant's health issues were "not merely self-diagnosed," but rather "medically documented and verified"); *United States v. Rodriguez*, No. 2:03-cr-00271-AB-1, 2020 WL 1627331, at *7 (E.D. Pa. Apr. 1, 2020) (inmate with type 2 diabetes, obesity, hypertension, and liver abnormalities was in a "higher risk category"); (iii) the fatality rate for individuals with similar health conditions as compared with the overall fatality rate for COVID-19, *see id.* (summarizing COVID-19 fatality rates); *United States v. Pippin*, No. 16-0266, 2020 WL 2602140, at *1 (W.D. Wash. May 20, 2020) (granting a motion brought by a defendant suffering from pancytopenia, which is associated with an "over fivefold enhanced risk of severe COVID-19"); (iv) whether the inmate has previously tested positive for the coronavirus that causes COVID-19 and, if so, whether the inmate suffers from any long-term effects of the disease, *see United States v. Reynolds*, No. 2:18-cr-00131-RAJ, 2020 WL 3266532, at *3–4 (W.D. Wash. June 17, 2020) (denying a motion for compassionate release brought

ORDER - 5

> by an inmate who recovered from and was "not suffering from any reported lingering symptoms" related to COVID-19); and (v) whether the inmate's release is expected to reduce the risk of him or her contracting COVID-19, see *United States v. Sandoval*, No. CR14-5105RBL, 2020 WL 3077152, at *5 (W.D. Wash. June 10, 2020) (declining to release a defendant to a situation that "would likely place him at greater risk").

*United States v. Grubbs*, No. CR16-228 TSZ, 2020 WL 3839619, at *2 (W.D. Wash. July 8, 2020).

The Court finds these factors useful, instructive, and consistent with the analysis of extraordinary and compelling reasons the Court has engaged in with COVID-19 cases. *See, e.g.*, *Young*, 2020 WL 2614745 at *3 (a 64-year-old African American defendant who suffers from hypertension and chronic kidney disease presented extraordinary and compelling reasons); *United States v. Lint*, No. CR18-5152 BHS, 2020 WL 4698815, at *2 (W.D. Wash. Aug. 13, 2020) (a defendant housed at a federal correctional institution that had only two inmates infected with COVID-19 did not present an extraordinary and compelling reason); *United States v. Gray*, No. CR16-5600 BHS, 2020 WL 5759792, at *2–3 (W.D. Wash. Sept. 28, 2020) (a relatively young female defendant with a Body Mass Index of 32.1, while obese, did not present sufficient evidence of extraordinary and compelling reasons without additional evidence of other risk factors). The Court has discretion to consider the factors provided by Judge Zilly in determining whether Hernandez has extraordinary and compelling reasons.[3]

---

[3] In the application of USSG § 1B1.13, the Commission has described three categories of potentially "extraordinary and compelling reasons," namely medical condition, age, and family circumstances, *see* USSG § 1.B1.13 cmt. n.1(A)–(C), as well as a "catch-all" provision, *id.* cmt. n.1(D), which "opens the door" to considering factors other than those specifically enumerated, *United States v. McPherson*, 454 F. Supp. 3d 1049 (W.D. Wash. 2020). However, USSG

Here, Hernandez argues that he suffers from chronic medical conditions that increase his vulnerability to severe illness from COVID-19: he asserts that he has a history of asthma and that he suffered two gunshot wounds to the chest in 2007, resulting in a left-sided pneumothorax (i.e., a collapsed lung). Dkt. 618 at 5. However, as the Government notes, there is no record of Hernandez's history of asthma in his BOP medical records. Hernandez's medical records also do not demonstrate that he is suffering from any long-term effects from the gunshot wounds or left-sided pneumothorax. Indeed, in his 2015 presentence report, Hernandez indicated that he has not experienced lasting, negative effects as a result of the gunshot wound and collapsed lung.

Even if there was evidence supporting Hernandez's assertions that his medical conditions increase his vulnerability of severe illness from COVID-19, the medical conditions are not recognized by the CDC as having such an effect. The CDC recognizes that chronic lung conditions, such as asthma if it is moderate to severe, can increase the risk of severe illness from COVID-19.[4] But Hernandez's alleged asthma does not rise to

---

[§] 1B1.13 has not been updated since the passage of the First Step Act of 2018, and district courts have largely found that the Commission's list of extraordinary and compelling reasons is not binding, but rather helpful guidance. *See United States v. Almontes*, No. 3:05-cr-58 (SRU), 2020 WL 1812713, at *3 (Apr. 9, 2020 D. Conn.) (providing a list of cases from around the country addressing whether the Commission's list is binding). The Court therefore concludes that, given the "catch-all" provision and the non-binding status of the comments to USSG § 1B1.13, it has discretion to construe the meaning of extraordinary and compelling reasons. *See Grubbs*, 2020 WL 3839619, at *2 n.2.

[4] Center for Disease Control and Prevention, *People with Certain Medical Conditions,* https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html?CDC_AA_refVal=https%3A%2F%2Fwww.cdc.gov%2Fcoronavirus%2F2019-ncov%2Fneed-extra-precautions%2Fgroups-at-higher-risk.html (last updated Mar. 29, 2021).

ORDER - 7

that level. Furthermore, Hernandez is 35 years old, lessening his risk of severe illness.[5] And FCI Sheridan has fully vaccinated 619 of its nearly 1500 inmates and currently has zero active COVID-19 cases among inmates.[6]

Hernandez has thus not established extraordinary and compelling reasons warranting compassionate release because his risk of severe illness from COVID-19 is not increased by any recognized, chronic medical conditions and is further mitigated by the increasing numbers of fully vaccinated inmates at FCI Sheridan.

**3.  18 U.S.C. § 3553(a) Factors**

Even assuming that extraordinary and compelling reasons have been established, the Court must still consider the factors set forth in 18 U.S.C. § 3553(a). 18 U.S.C. § 3582(c)(1)(A). The relevant factors include (i) "the nature and circumstances of the offense and the history and characteristics of the defendant"; (ii) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; to adequately deter criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (iii) "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct"; (iv) the

---

[5] Center for Disease Control and Prevention, *Older Adults*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/older-adults.html (last updated Apr. 2, 2020). According to the CDC, 8 out of 10 COVID-19 deaths in the United States have been adults aged 65 years and older.

[6] Federal Bureau of Prisons, *COVID-19 Update*, https://www.bop.gov/coronavirus/ (las accessed Apr. 8, 2021).

sentencing guidelines; and (iv) "the need to provide restitution to any victims of the offense." 18 U.S.C. § 3553(a).

In considering these factors, the Court finds that they mostly militate against compassionate release. Hernandez has a significant criminal history and has been involved in criminal activity or incarcerated because of that activity for most of his adult life. Judge Leighton even noted at the sentencing hearing that Hernandez "is a serial offender who makes his living by selling drugs. It has a catastrophic effect on the community and the families who live in the community." Dkt. 474 at 7. The Court cannot conclude that Hernandez no longer remains a danger to public safety. Furthermore, the other § 3553(a) factors weigh against release. Hernandez has approximately two years left of his sentence, but releasing him now does not serve as either sufficiently just punishment or as a sufficient deterrence when considering the very serious nature of his convictions. Release now would also result in an unwarranted sentencing disparity. In sum, the § 3553(a) factors do not warrant a reduction in Hernandez's sentence.

Hernandez's motion for compassionate release is, therefore, denied without prejudice.

//

### III.  ORDER

Therefore, it is hereby **ORDERED** that Hernandez's pro se motion for compassionate release, Dkt. 618, is **DENIED** and that the Government's motion to seal, Dkt. 622, is **GRANTED**.

Dated this 8th day of April, 2021.

BENJAMIN H. SETTLE
United States District Judge