UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

UNITED STATES OF AMERICA,

Plaintiff,

v.

JAIME HERNANDEZ,

Defendant.

CASE NO. 3:14-cr-05105-BHS

ORDER

This matter is before the Court on Jaime Hernandez's Motion for Early Termination of Supervised Release. Dkt. 662.

In 2015, Hernandez pleaded guilty to one count of conspiracy to distribute methamphetamine and heroin sentenced to 144 months in custody and five years of supervised release. His supervised release commenced in August 2022 and is set to expire in August 2027, but Hernandez asks this Court to terminate it now. The Government and Probation oppose Hernandez's motion.

Hernandez represents that he has adjusted well to supervision and has maintained full-time employment with a construction laborers union. Further, although he admits that in 2025 he used cocaine on two occasions and alcohol on one occasion, in violation of the

conditions of supervised release, he claims that he has not had a positive urinalysis test at any time since then, despite Probation having increased the frequency of the testing. He also completed a recommended outpatient treatment program in July 2026. He also says that he has maintained a stable address with his mother. He asks that the Court terminate his supervised release to "complete his reintegration into 'normal life.'"

The Government is opposed to the early termination of Hernandez's supervised release. It acknowledges that Hernandez has "performed well on supervised release over the last year or so," but says he "sustained urinalysis results suggesting continued drug use as recently as June 2026" and that he missed a urinalysis appointment on September 9, 2026. In light of these occurrences, the Government argues that there are remaining societal and personal benefits to continuing Hernandez's supervision.

Probation likewise opposes Hernandez's motion. Probation commends Hernandez on his progress but, like the Government, notes that Hernandez admitted to using cocaine and alcohol less than a year ago, and that he tested presumptively positive for cocaine use in June 2026. It offers that a presumptive positive test could indicate that Hernandez used cocaine but in a quantity insufficient to trigger a positive urinalysis result. Probation recommends that Hernandez complete the full term of his supervision.

Compliance with the conditions of supervised release for an extended period demonstrates rehabilitation and the possibility of early termination provides incentive to defendants to do well on supervision. The Court commends Hernandez for his efforts and the progress he has made toward rehabilitation. However, because he admitted to using cocaine and alcohol less than a year ago and tested presumptively positive for cocaine as

recently as June 2026, the Court believes continued supervision is appropriate at this time.

The motion for early termination of supervised release is **DENIED.**

It is so **ORDERED**.

Dated this 17th day of September, 2026.

BENJAMIN H. SETTLE
United States District Judge